E-FILED
Tuesday, 27 November, 2012 04:16:05 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-30033 |
| | ) | |
| JONATHAN D. CASHION, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter came before the Court on November 19, 2012 for the sentencing of Defendant Jonathan D. Cashion. The Government appeared by Assistant United States Attorney Matthew D. Cannon. Defendant appeared in person with his attorney, Ashli Summer McKeivier. The Court sentenced Defendant to a total of 40 years' imprisonment. The basis for that sentence was stated at the sentencing hearing and is stated herein.

I. BACKGROUND

On March 7, 2012, Defendant was charged by Indictment with

three counts of Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a) and (e) (Counts 1 through 3); Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (B) and (b)(1) (Count 4); and Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) (Count 5).

On May 24, 2012, Defendant appeared before United States Magistrate Judge Byron G. Cudmore and entered an open plea of guilty to all counts of the Indictment and consented to all forfeiture allegations. Judge Cudmore issued a report recommending that Defendant's plea be accepted. On June 12, 2012, this Court formally accepted Defendant's plea of guilty and judgment of conviction was entered on Counts 1 through 5 of the Indictment.

The United States Probation Office prepared the Presentence Investigation Report (PSR). According to the calculations in the PSR, Defendant has a Total Offense Level of 43 and a Criminal History Category of I, which results in a guideline range of life imprisonment.[1]

---

[1] The Sentencing Commission equates "life" under the guidelines to 470 months, but "courts use this comparison only in the context of determining a starting

However, the statutory maximum penalty is 30 years on Counts 1 through 3, 20 years on Count 4, and 10 years on Count 5. In cases where the statutory maximum is less than the Guideline range, the Guidelines direct the Court to "impose maximum and consecutive sentences to the extent necessary to make the total punishment equal in severity to what the guidelines would require were it not for the statutory maxima." United States v. Veysey, 334 F.3d 600, 602 (7th Cir. 2003), citing U.S.S.G. § 5G1.2(d) ("If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively but only to the extent necessary to produce a combined sentence equal to the total punishment"); see also United States v. Russell, 662 F.3d 831, 853 (7th Cir. 2011) (noting that in cases involving multiple counts of conviction, the Court should "'impose maximum and consecutive sentences to the extent necessary to

---

point for departing downward from a life sentence." United States v. Metzger, 411 Fed. Appx. 1 (7th Cir. 2010) (noting also that a judge can impose consecutive terms on each count to ensure that defendant will serve out his life in prison where the guideline range is life imprisonment).

make the total punishment equal in severity of what the guidelines would require were it not for the statutory maxima" and finding that the approach would result in four consecutive terms of 30 years, for a total of 120 years' imprisonment). Taking into account the advisory nature of the Sentencing Guidelines as well as the statutory minimum and maximum sentences, this Court could have sentenced Defendant to anywhere between 15[2] and 120 years' imprisonment. Defendant requested a sentence of 30 years. The Government requested a sentence of 90 years.

## II. ANALYSIS

This Court notes that the Guidelines are advisory and that this Court is required to exercise its discretion in determining Defendant's sentence. See United States v. Booker, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a). Having first calculated Defendant's advisory Guideline range, this Court must then consider the factors set forth in 18 U.S.C. § 3553(a) before determining an appropriate sentence. See Id.

---

[2] Counts 1 through 3 carry a mandatory minimum sentence of 15 years. 18 U.S.C. § 2251(a), (e).

4

Section 3553(a) provides the following:

> (a) Factors to be considered in imposing a sentence. — The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider —
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed–
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;

> (4) the kinds of sentence and the sentencing range established for–
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
>
> * * *
>
> (5) any pertinent policy statement–
>
> * * *
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Taking into account the advisory Guideline range and the factors set forth in § 3553(a), this Court finds that a total term of 40 years' imprisonment is sufficient, but no greater than necessary, to comply with the sentencing purposes set forth in the statute.

Specifically, Defendant was convicted of the sexual exploitation of three children, distribution of child pornography, and possession of child

pornography.  These offense are very serious as reflected in the PSR and the victim impact statements.

Defendant sexually abused at least three children, one as young as five years of age, videotaped some of those acts, and provided those images to others.  Defendant also caused another minor to commit a sexual act on himself, which Defendant captured on a secreted Webcam.  Defendant also used threats of kidnaping and death to perpetuate the exploitation.  In addition, the parents of two of the victims allowed Defendant to care for and exert supervisory control over the victims by allowing Defendant to babysit them.  Defendant abused that trust.

On the other hand, Defendant has no prior criminal history, took responsibility for his actions, and has expressed remorse.  The Court also notes Defendant's young age and his claim of rape in the seventh grade by an unknown adult.  Defendant has the support of at least some of his family as indicated in the letters submitted on his behalf and the presence in court of his father.  In addition, the Court notes Defendant's argument that his risk of re-offending will lessen as he ages.  According to

the Psychological Evaluation, while Defendant is currently at a Moderate-High risk of sexual re-offending, this risk will begin to decrease after 15 years, decrease further at 20 years, and in 40 years, Defendant's risk to reoffend is in the lowest range when factoring in his age at that time (60 years old).  Sex offender treatment in prison will also lower Defendant's risk to re-offend, and he has indicated a desire to obtain such treatment.

Nonetheless, the facts of this case–the degree of planning, control, calculation, manipulation, and depravity exhibited by Defendant–establish that there is a strong need for deterrence and the need to protect the public.  To reflect the seriousness of the offenses, promote respect for the law, and provide just punishment for the offenses, as well as to afford adequate deterrence and protect the public from further crimes by Defendant, Defendant deserves a lengthy sentence.

### III.  CONCLUSION

THEREFORE, after considering the case file, the evidence presented, the relevant Guideline provisions, the relevant statutory sentencing factors, the victim impact statements, the arguments of

counsel, the letters submitted on behalf of Defendant, and Defendant's statements at the sentencing hearing, the Court finds the following sentence is sufficient but no greater than necessary to achieve the purposes of § 3553(a): (1) 360 months on each of Counts 1 through 3, to run concurrent, lifetime supervised release on each of Counts 1 through 3 with special conditions, no fine, and a $100 special assessment on each of Counts 1 through 3; (2) 120 months on Count 4, to run consecutive to Counts 1 through 3, lifetime supervised release, and a $100 special assessment; and (3) 120 months on Count 5, to run concurrent with Count 4, lifetime supervised release, and a $100 special assessment. A Restitution Hearing is scheduled for February 25, 2013 at 10:00 a.m.

ENTER: November 27, 2012

FOR THE COURT:

       s/Sue E. Myerscough
      SUE E. MYERSCOUGH
    UNITED STATES DISTRICT JUDGE